

# Notice of Service of Process

**SOP / ALL**
**Transmittal Number: 17343005**
**Date Processed: 11/01/2017**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Fred's Stores of Tennessee, Inc. vs. Wildevco, LLC; Liberty Mutual Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Barnwell County Circuit Court, South Carolina |
| **Case/Reference No:** | 2017-CP-06-00421 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 11/01/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Matthew C. Lafave<br>803-724-5727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Danny C. Crowe, Esq.**
danny@crowelafave.com
Direct: 803.724.5728; Fax: 803.724.5730

**Matthew C. LaFave, Esq.**
matt@crowelafave.com
Direct: 803.724.5727; Fax: 803.724.5726

**Mary D. LaFave, Esq.**
mary@crowelafave.com
Direct: 803.726.6756; Fax: 803.726.3621


ATTORNEYS AT LAW

P.O. Box 1149
Columbia, SC 29202
Phone: 803.724.5729
Fax: 803.724.5731
contact@crowelafave.com

October 31, 2017

*Via Certified Mail*
*Return Receipt Requested*
Corporation Service Company,
as Registered Agent for
Liberty Mutual Insurance Company
1703 Laurel Street
Columbia, SC 29201

  Re: Fred's Stores of Tennessee, Inc. v. Wildevco, LLC and Liberty Mutual Insurance Company
     Civil Action No. 2017-CP-06-00421

Dear Sir or Madam:

  Please find enclosed for service upon you, as registered agent for Liberty Mutual Insurance Company, the Summons and Complaint filed in the above-captioned action. Should you have any questions or concerns, please do not hesitate to contact me

  With kind regards, I am

            Sincerely yours,

            Matthew C. LaFave

MCL/dmb
Enclosures

cc: Jonathan Street, Fred's (via email)
   Shonda Sanders, Fred's (via email)
   Sherrie Johnson, Fred's (via email)
   Client/Carrier

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BARNWELL<br><br>Fred's Stores of Tennessee, Inc.,<br><br>        Plaintiff,<br><br>vs.<br><br>Wildevco, LLC and Liberty Mutual Insurance Company,<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT<br><br>Civil Action No. 2017-CP-06-_____<br><br><br><br>**SUMMONS**<br>**Jury Trial Requested** |

TO THE DEFENDANTS ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                                        RESPECTFULLY SUBMITTED,

                                        */s/Matthew C. LaFave*
                                        Matthew C. LaFave SC BAR #75365
                                        **CROWE LAFAVE, LLC**
                                        P.O. Box 1149
                                        Columbia, South Carolina 29202
                                        803.724.5727 (phone)
                                        803.724.5726 (fax)
                                        matt@crowelafave.com

                                        **ATTORNEY FOR PLAINTIFF**

October 27, 2017

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BARNWELL<br><br>Fred's Stores of Tennessee, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>Wildevco, LLC and Liberty Mutual Insurance Company,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT<br><br>Civil Action No. 2017-CP-06-_____<br><br><br>**COMPLAINT**<br>**Jury Trial Requested** |

The Plaintiff, complaining of the Defendants above-named, would respectfully request a jury trial to show unto this Honorable Court:

### PARTIES

1.  The Plaintiff is a corporation organized and existing under the laws of the State of Tennessee doing business as a foreign corporation known as Fred's Stores of Tennessee, Inc., and was at all times applicable to this matter operating a retail store located at 12522 Main Street, Williston, South Carolina 29853 in Barnwell County, South Carolina (hereinafter "Demised Premises").

2.  The Defendant Wildevco, LLC, (hereinafter "Wildevco") is a corporation organized and existing under the laws of the State of South Carolina and was at all times applicable to this matter, the landlord of a parcel of property located on Main Street in Williston, South Carolina, of which a portion of the premises was leased to Plaintiff.

3.  The Defendant Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") is a corporation organized and existing under the laws of the State of Massachusetts and insures commercial businesses in the State of South Carolina.

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

4. At all times applicable to this matter, Liberty Mutual did provide insurance to Wildevco for the property owned on Main Street in Williston, South Carolina, including the Demised Premises leased to Plaintiff, under which Plaintiff was an additional insured.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this litigation and the parties heretofore named pursuant to Article V, Section 11 of the Constitution of the State of South Carolina.

6. Venue is proper in Barnwell County on the grounds that this action is brought pursuant to the laws of the State of South Carolina and the events giving rise to this action occurred in Barnwell County, South Carolina.

## FACTUAL ALLEGATIONS

7. On or about February 7, 2005, Plaintiff and Wildevco entered into a Lease Agreement.

8. In accordance with the Lease Agreement Wildevco was to deliver full and exclusive possession of the Demised Premises by September 1, 2005, at which time the primary term of the lease would commence and be defined as the "Commencement Date."

9. In accordance with the Lease Agreement Plaintiff was obligated to begin payments of monthly rent beginning on September 1, 2015.

10. The Primary Term of the Lease Agreement was set to expire at 12:00 midnight on August 30, 2015, unless sooner terminated.

11. In accordance with the Lease Agreement Wildevco was responsible for maintenance of, among other areas, the parking lot, entrance and exits, sidewalks, ramps, and curbs.

12. The terms of the Lease Agreement also included an indemnification section that states Plaintiff will be indemnified and held harmless for any injury to persons arising out of any act or omission of acts by Wildevco or its agents or employees.

13. On or about March 10, 2010, a patron of the Wildevco's property allegedly tripped on the curb ramp as she approached the entrance to the Demised Premises resulting in a claim for bodily injury.

14. As of the date of loss, March 10, 2010, Defendant had a commercial general liability policy with Liberty Mutual.

15. On or about May 12, 2010, the aforementioned patron, Martha Fountain, and her husband filed a lawsuit (hereinafter "Fountain lawsuit") against Plaintiff and Wildevco in Barnwell County under a theory of premises liability/negligence.

16. The defense of Plaintiff was tendered to Wildevco in accordance with the Lease Agreement given the factual allegations relating to the purported incident having occurred in an area of the store under the sole and exclusive control of Wildevco.

17. Defendants, upon receipt of the tender, did retain Clarke W. McCants, III, Esquire, to defend Plaintiff and Wildevco in the Fountain lawsuit.

18. On October 31, 2014, Counsel retained to represent Plaintiff and Defendant in the Fountain lawsuit wrote a letter to Defendant disclosing a potential conflict.

19. In light of the October 31, 2014, letter Plaintiff retained separate counsel to ensure its interests were being protected and defenses preserved.

20. As a result of the October 31, 2014 letter, Plaintiff requested new Counsel be assigned pursuant to Defendants obligations to defend and indemnify them in the Fountain lawsuit through Liberty Mutual.

21. Defendants never, as required by the Lease Agreement, provided alternative counsel to Plaintiff for the Fountain lawsuit.

22. On May 29, 2015, Liberty Mutual admitted Plaintiff was entitled defense and indemnification under Wildevco's insurance policy, but at no time after October 31, 2014, were either provided to Plaintiff.

23. The Fountain lawsuit was resolved by way of a full and final settlement on March 20, 2016.

24. Plaintiff contributed its own funds to the full and final settlement of the Fountain lawsuit so as to properly protect its interests.

25. Defendants have not compensated Plaintiff for their attorneys' fees and costs incurred in their undertaking their own defense of the Fountain lawsuit despite their contractual obligation to defend Plaintiff.

26. Defendants have not compensated Plaintiff for their contribution towards settlement of the Fountain lawsuit despite their contractual obligation to indemnify Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT – WILDEVCO, LLC

27. Each and every allegation set forth above is realleged and incorporated herein by reference.

28. The parties entered into a mutually binding Lease Agreement on or about February 7, 2005.

29. The Lease Agreement commenced on or about October 28, 2005, when a Certificate of Occupancy was delivered to Plaintiff for the Demised Premises.

30. Plaintiff, in accordance with the terms of the Lease Agreement, paid all applicable monthly rent as required.

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

31. The Lease Agreement was in full force and effect as of March 10, 2010.

32. The Lease Agreement clearly and unequivocally established responsibility for maintenance for the area in which the subject incident that formed the basis of the Fountain lawsuit occurred lied solely and exclusively with Wildevco.

33. Wildevco acknowledged their duty to defend and indemnify Plaintiff by retaining Clarke W. McCants, III, Esquire, to defend Plaintiff in the Fountain lawsuit, whose representation continued until October 31, 2014, when an alleged conflict arose.

34. Attorney McCants withdrew his representation of Plaintiff and Wildevco in the Fountain lawsuit by Consent Order filed December 15, 2014.

35. At no time after Attorney McCants withdrawal did Wildevco again provide Plaintiff with a defense in the Fountain lawsuit.

36. Wildevco without reasonable cause did breach the Lease Agreement in effect at the time of the subject incident of March 10, 2010, when it ceased providing Plaintiff with a defense and indemnification.

37. It was foreseeable that the Wildevco's actions would result in Plaintiff suffering damages as a result of its breaches.

38. As a direct and proximate result of Wildevco's contractual breaches Plaintiff suffered loss of full protections afforded to it under the Lease Agreement including full benefits of Wildevco's insurance policy and consequential damages as shown by the facts pled above.

39. Plaintiff is informed and believes that it is entitled to actual damages, including consequential damages in amounts to be determined by the jury.

## FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT – LIBERY MUTUAL INSURANCE COMPANY

40. Each and every allegation set forth above is realleged and incorporated herein by reference.

41. Liberty Mutual Insurance Company provided Wildevco with a commercial general liability insurance policy in effect as of March 10, 2010.

42. Plaintiff was entitled to protections of an additional insured under the Liberty Mutual Insurance Company in effect as of March 10, 2010.

43. Liberty Mutual acknowledged their duty to defend and indemnify Plaintiff by retaining Clarke W. McCants, III, Esquire, to defend Plaintiff in the Fountain lawsuit, whose representation continued until October 31, 2014, when an alleged conflict arose.

44. Attorney McCants withdrew his representation of Plaintiff and Wildevco in the Fountain lawsuit by Consent Order filed December 15, 2014.

45. At no time after Attorney McCants withdrawal did Liberty Mutual again provide Plaintiff with a defense in the Fountain lawsuit.

46. Liberty Mutual without reasonable cause did breach the Lease Agreement in effect at the time of the subject incident of March 10, 2010, when it ceased providing Plaintiff with a defense and indemnification.

47. It was foreseeable that the Liberty Mutual's actions would result in Plaintiff suffering damages as a result of its breaches.

48. As a direct and proximate result of Liberty Mutual's contractual breaches, Plaintiff suffered loss of full protections afforded to it under the Lease Agreement including full benefits of Liberty Mutual's insurance policy and consequential damages as shown by the facts pled above.

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

49. Plaintiff is informed and believes that it is entitled to actual damages, including consequential damages in amounts to be determined by the jury.

### FOR A THIRD CAUSE OF ACTION
### BAD FAITH – LIBERTY MUTUAL INSURANCE COMPANY

50. Each and every allegation set forth above is realleged and incorporated herein by reference.

51. A mutually binding contract of insurance existed between Plaintiff and Liberty Mutual at all times relevant by virtue of Plaintiff's status as an additional insured under Wildevco's commercial general liability policy.

52. Liberty Mutual, without reasonable cause and in bad faith, willfully failed to provide Plaintiff with a full defense in the Fountain lawsuit.

53. Liberty Mutual, without reasonable cause and in bad faith, willfully failed to fully indemnify Plaintiff in the Fountain lawsuit.

54. As a direct and proximate result of Liberty Mutual's improper acts, Plaintiff has suffered monetary loss and is entitled to all actual and consequential damages as well as punitive damages in an amount to be determined by the jury.

**WHEREFORE**, Plaintiff prays, in amounts to be determined by the Court and jury:

(1) For actual damages, including consequential damages, punitive damages, and attorney's fees on the cause of action for Bad Faith;

(2) For actual and consequential damages for the breach of contract actions;

(3) For prejudgment interest, costs and fees on all causes of action; and

(4) For such further relief as the Court deems reasonable and necessary.

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

ELECTRONICALLY FILED - 2017 Oct 27 10:27 AM - BARNWELL - COMMON PLEAS - CASE#2017CP0600421

RESPECTFULLY SUBMITTED,

*/s/Matthew C. LaFave*
Matthew C. LaFave SC BAR #75365
**CROWE LAFAVE, LLC**
P.O. Box 1149
Columbia, South Carolina 29202
803.724.5727 (phone)
803.724.5726 (fax)
matt@crowelafave.com

**ATTORNEY FOR PLAINTIFF**

October 27, 2017

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

Crowe LaFave, LLC
P.O. Box 1149
Columbia, SC 29202



7014 1200 0001 8603 9358



02 1P   $006.88⁰
0000571087  OCT 31 2017
MAILED FROM ZIP CODE 29201

***Return Receipt Requested***
Corporation Service Company,
as Registered Agent for
Liberty Mutual Insurance Company
1703 Laurel Street
Columbia, SC 29201